# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC ASTRELLA and TRISTA ASTRELLA,<br><br>  Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, d/b/a AMERICA'S SERVICING COMPANY,<br><br>  Defendant. | Civil Action No.: 4:15-cv-40102 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wells Fargo Bank, N.A. d/b/a America's Servicing Company ("Wells Fargo"),[1] hereby gives notice that it is removing the above-captioned case from the Superior Court for Worcester County, Commonwealth of Massachusetts ("State Court") to the United States District Court for the District of Massachusetts. In support of removal, Wells Fargo states as follows:

1. Wells Fargo is the named defendant in a suit filed in the State Court, styled <u>Marc Astrella and Trista Astrella v. Wells Fargo Home Mortgage d/b/a America's Servicing Company</u>, Civil Action No. WOCV1585-00832 (the "Action"). <u>See</u> Exhibit A (Summons and Complaint).

## SERVICE

2. Plaintiffs served Wells Fargo with a copy of the Summons and Complaint on June 22, 2015.

---

[1] The Complaint in this matter incorrectly named Wells Fargo Bank, N.A. d/b/a America's Servicing Company as "Wells Fargo Home Mortgage d/b/a America's Servicing Company." Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.

3. Removal is timely as Wells Fargo removed the Action within 30 days from service of the Summons and Complaint.

## PLEADINGS AND NOTICE TO STATE COURT

4. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders, and proceedings from the State Court will be filed with this Court. Contemporaneous with the filing of this Notice, Wells Fargo will provide notice to Plaintiffs and will notify the State Court of this Removal.

5. Wells Fargo removes this matter without waiving any objections or defenses that it may have, including, without limitation, objections to sufficiency of process or sufficiency of service thereof.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION

## This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1332(a)

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332. The Action satisfies both statutory requirements.

7. Plaintiffs allege that they reside in Ware, Massachusetts. See Complaint ¶ 3. For diversity purposes, Plaintiffs are citizens of the Commonwealth of Massachusetts.

8. Wells Fargo is a national bank. For diversity purposes, a national bank's citizenship is based on the location of its principal office listed in its articles of organization. See 28 U.S.C. § 1348 ("national banking associations" are "deemed citizens of the States in which they are respectively located."); Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318-19 (2006)

(holding national bank located for the purposes of diversity jurisdiction in the state of its principal offices listed in the articles of organization). According to the Office of the Comptroller of Currency, the supervisor of national banks, Wells Fargo's principal office is located in Sioux Falls, South Dakota.[2] See McKenna v. Wells Fargo Bank, N.A., 693 F. 3d 207, 212 (1st Cir. 2012). For purposes of determining its citizenship, Wells Fargo is a citizen of South Dakota. See id.

9. Plaintiffs and Wells Fargo are citizens of different states. Plaintiffs do not allege otherwise. See Compl. ¶¶ 3-4. Accordingly, complete diversity exists under 28 U.S.C. § 1332.

10. In calculating the amount in controversy, the Court should consider the total amount of monetary relief that Plaintiffs seek to recover. Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004) (amount in controversy is measured by "the judgment's pecuniary consequences to those involved in the litigation"); see also Dep't of Recreation & Sports v. World Boxing, 942 F.2d 84, 90 (1st Cir. 1991).

11. In the civil action cover sheet that accompanies the Complaint, Plaintiffs demand $300,000.00 in damages. See Exhibit A at p. 3. This Court may rely upon the amount sought in the civil action cover sheet to determine the amount in controversy. See Salvail v. Relocation Advisors, Inc., No. 11-10500-RGS, 2011 WL 1883861, at *1 (D. Mass. May 17, 2011) (Stearns, D.J.) (finding amount in controversy satisfied where "on the Superior Court civil action cover sheet, [plaintiff] avers $142,500 in damages—$1,500 in medical expenses; $41,000 in anticipated lost wages; and $100,000 in "'mental and emotional distress and suffering'");

---

[2] The Court may take judicial notice that Wells Fargo is a national bank. See In re Hollingworth, 453 B.R. 32, 35 (Bankr. D. Mass. 2011) (citing United States v. Harris, 530 F.2d 576, 578 (4th Cir. 1976)); United States v. Thomas, 610 F.2d 1166, 1171 (3d Cir. 1979) (taking judicial notice of bank's national character proper because the word "National" in a bank's title is "virtually conclusive evidence that the bank is federally chartered").

<u>Colonial Wholesale Beverage Corp. v. Labatt USA, L.L.C.</u>, No. 2003-12068-RCL, 2004 WL 1202439, at *1 (D. Mass. Apr. 27, 2004) (Collings, M.J.) ("[O]n the state civil action cover sheet, Colonial calculated its damages to be $800,000.00.  Thus the amount in controversy in this matter exceeds the threshold amount of $75,000.00 required under 28 U.S.C. § 1332(a)."), <u>report and recommendation adopted</u> (May 20, 2004) (Lindsay, D.J.).

12. As complete diversity exists and the amount in controversy exceeds $75,000.00, the jurisdictional requirements of 28 U.S.C. § 1332(a) are satisfied and this Court has jurisdiction.

13. In the event any party challenges the removal of this matter, Wells Fargo requests the opportunity to submit briefs and be heard at oral argument in support of its position that removal is proper.

WHEREFORE, Wells Fargo removes this case from the State Court, where it is now pending, to this honorable Court and respectfully requests that this Court assume jurisdiction over this Action and henceforth that this Action be placed upon the docket of this Court for further proceedings, as though this case had originally been initiated in this Court.

Respectfully submitted,

WELLS FARGO BANK, N.A. d/b/a
AMERICA'S SERVICING COMPANY,

By its attorneys,

*/s/ Roger L. Smerage*
Gregory N. Blase (BBO #662751)
   gregory.blase@klgates.com
Roger L. Smerage (BBO #675388)
   roger.smerage@klgates.com
Michael R. Stanley (BBO# 680957)
   michael.stanley@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel.: (617) 261-3100
Fax: (617) 261-3175

Dated: July 13, 2015

## CERTIFICATE OF SERVICE

    I hereby certify that this **Notice of Removal** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on July 13, 2015.

                        */s/ Roger L. Smerage*
                        Roger L. Smerage